## The Peninsular Railway Company v. Squire C. Tharp.

*Corporations: Consolidation: Assessments.* A company formed by the consolidation of two or more corporations cannot, under the statute (*Comp. L.*, § 2347), make valid assessments upon subscriptions to the stock of one of the original corporations, before the consolidation papers are filed in the office of the secretary of state; the statute is the only source of the corporate existence of the consolidated company, and its conditions are imperative.

*Heard January 7. Decided January 13.*

Error to Cass Circuit.

*Harsen D. Smith*, for plaintiff in error.

*John A. Talbot*, for defendant in error.

CAMPBELL, J.

The plaintiff is a railway corporation formed by the consolidation of two corporations, named the Peninsular Railway company, and the Peninsular Railway Extension company. Defendant Tharp is sued upon a subscription made by him to the stock of the Peninsular Railway Extension company before the consolidation. The consolidation papers were made and dated February 13, 1868, and filed in the secretary of state's office February 16, 1868. The assessments sued on were made in the interval, on February 14th, 1868.

The statutes do not permit assessments to be made by an original corporation until after the articles are filed.— *Comp. L.*, § *2298.* Where such a corporation becomes consolidated with another, the statute declares that the merger shall take place " upon making the agreement mentioned in the preceding section, in the manner required therein, and *filing a duplicate or counterpart thereof in the office of the secretary of state.*"—*Comp. L.*, § *2347.* Any corporate action until this step is taken is premature. The new corporation, deriving its franchises from the state law, cannot act until the state has the requisite evidence of its claim to corporate existence. The statute is the only source of such existence, and its conditions are imperative.

The assessments were therefore void, and no action can be maintained upon them. This being so, there is no occasion to discuss the other questions raised upon the record. The finding supports the judgment, as it shows no cause of action, and the only error assigned is that it does not support the judgment.

The judgment must be affirmed, with costs.

GRAVES, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.